UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JEFF SAMMUEL,

                                Plaintiff,          **AMENDED COMPLAINT AND**
                                                    **DEMAND FOR A JURY TRIAL**
      -v-

                                                      Index No. 16-CV-514 (WFK)(RML)
THE CITY OF NEW YORK; New York City Police
Department Officer ("P.O.") CHRISTOPHER YAZZO
(Shield No. 16122), Sergeant GREGORY DAVIS
(Shield No. 2232), Sergeant DANIEL L. SARASY
(Shield No. 3642), and P.O. JOHN DOES 1-3,
in their individual capacities,

                                Defendants.
-----------------------------------------------------------------x

       Plaintiff Jeff Sammuel, by his attorneys Gillian Cassell-Stiga and David B. Rankin of Rankin & Taylor, PLLC, for his complaint, does hereby state and allege:

## **PRELIMINARY STATEMENT**

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under the laws of the State of New York.

2. Plaintiff Jeff Sammuel's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally detained, assaulted, and arrested plaintiff despite the absence of probable cause in manner constituting a gross abuse of authority. By reason of defendants' actions, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff Jeff Sammuel is, and was at all times relevant to this action, a resident of the County of Queens in the State of New York.

8. Defendant The City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. NYPD Officer ("P.O.") Christopher Yazzo (Shield No. 16122), Sergeant ("Sgt.") Gregory David (Shield No. 2232), Sgt. Daniel L. Sarasy (Shield No. 3642), P.O. John Does 1-3, (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued in their individual capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers

of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

13. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

14. The true names and shield numbers of defendants P.O. John Does 1-3 are not currently known to the plaintiffs.[1] However, they are employees or agents of the NYPD. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiffs intend to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

15. Shortly after midnight on June 12, 2015, Mr. Samuel was beaten and unlawfully arrested by NYPD P.O. Christopher Yazzo, Sgt. Gregory David, and Sgt. Daniel L. Sarasy at his home at 164-52 109th Avenue in Queens County in the State of New York.

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiffs are making no representations as to the gender of said defendants.

16. Mr. Sammuel was returning home from a restaurant.

17. Mr. Sammuel was carrying food and talking on the phone to a friend as he attempted to open the door of his home.

18. P.O. Christopher Yazzo, Sgt. Gregory David, and Sgt. Daniel L. Sarasy grabbed Mr. Sammuel from behind.

19. P.O. Christopher Yazzo, Sgt. Gregory David, and Sgt. Daniel L. Sarasy beat Mr. Sammuel on the face and body causing Mr. Sammuel to fall to the ground and briefly lose consciousness.

20. Additional NYPD officers arrived.

21. Water was poured on Mr. Sammuel's face to revive him.

22. P.O. Christopher Yazzo, Sgt. Gregory David, and Sgt. Daniel L. Sarasy falsely accused Mr. Sammuel of smoking marajuana.

23. Mr. Sammuel informed the officers that he does not use narcotics or smoke marijuana.

24. Mr. Sammuel was taken to the police precinct where the officers produced a brown object the officers claimed was the alleged contraband.

25. Mr. Sammuel informed the officers that he was injured and requested medical attention.

26. Mr. Sammuel was taken to a hospital where he requested a drug test.

27. The drug test revealed no evidence of illegal drug usage.

28. Mr. Sammuel was released from the hospital and brought to central booking by the officers.

29. Mr. Sammuel was released on the afternoon of June 6, 2015.

30. No charges were pursued against Mr. Sammuel.

31. Mr. Sammuel returned to the hospital thereafter for further treatment of his injuries.

32. At no point did Mr. Sammuel commit any unlawful act.

33. P.O. John Doe 1-3 participated in or failed to stop the beating and unlawful arrest of Mr. Sammuel.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
### (Against the individual defendants)

34. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. By their conduct and actions in fabricating evidence, falsely arresting plaintiff, using excessive force, abusing process, maliciously prosecuting, and by failing to intercede to prevent the complained of conduct, the individual defendants, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

36. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
### (Against the City of New York)

37. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

39. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual defendants and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

40. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

41. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

[this portion intentionally left blank]

## JURY DEMAND

42. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
August 1, 2016

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
David B. Rankin
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507